UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

SALEEM KYREE MARTIN,

    Plaintiff

    v.

SCI-SOMERSET, *et al.*,

    Defendants.

CIVIL ACTION NO. 3:25-CV-01599

(MEHALCHICK, J.)

### ORDER

Before the Court is a complaint filed pursuant to 42 U.S.C. § 1983 by Plaintiff Saleem Kyree Martin ("Martin"). (Doc. 1). Also pending are Martin's motions to proceed *in forma pauperis*. (Doc. 5; Doc. 10). The Court will grant Martin's motions to proceed *in forma pauperis* and screen the complaint pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2). The Court will dismiss all claims against the State Correctional Institution Somerset ("SCI-Somerset") and order the remaining defendants be served the complaint.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

Martin initiated this action by filing a complaint, which was received and docketed by the Court on August 25, 2025. (Doc. 1). This complaint named three defendants: (1) SCI-Somerset; (2) Correction Officer McKay; and (3) Correctional Officer Shaffer. (Doc. 1, at 2-3). Martin alleges that on November 23, 2024 at SCI-Camp Hill he was housed in the restricted housing unit ("FHU" for an unrelated incident. (Doc. 1, at 4). He was moved to HD-09 cell over his toilet not working, and upon being placed in HD-09 cell, he was assaulted by another inmate identified as Packer NV-7454. (Doc. 1, at 4). He alleges that when he was placed in the cell the other inmate was never handcuffed, as required by policy, and he was assaulted for about three minutes. (Doc. 1, at 4). He alleges that during this time he "begged

and pleaded for officers to open the door [and] help." (Doc. 1, at 4). He alleges it took Correctional Officers McKay and Shaffer three minutes to act and deploy O.C. Sray. (Doc. 1, at 4). Based on these alleged facts Martin appears to raise an Eighth Amendment claim against SCI-Somerset, Correctional Officer McKay, and Correctional Officer Shaffer. (Doc. 1, at 5-6).

On August 26, 2025, the Court issued an administrative order requiring Martin pay the requisite filing fee or file a motion to proceed *in forma pauperis*. (Doc. 4). On September 17, 2025, the Court received an docketed Martin's motion to proceed *in forma pauperis*. (Doc. 5). The Court then issued an administrative ordering requiring the Warden at the facility where Martin was housed to provide the prisoner trust fund account statement for Martin. (Doc. 7). On September 29, 2025, the Court received notice from Martin that he had moved to a new facility, and the Court reissued the administrative order to the new facility. (Doc. 8; Doc. 9). On October 14, 2024, the Court received and docketed Martin's second motion to proceed *in forma pauperis*. (Doc. 10). On October 31, 2025, the Court received the required certified prisoner trust fund account. (Doc. 13). Accordingly, the Court will grant Martin's motions to proceed *in forma pauperis* and screen the complaint pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2).

II. DISCUSSION

A. STANDARD

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. App'x 195, 197 (3d Cir. 2007) (not precedential). The Court must dismiss the complaint if it

fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). The Court has a similar obligation with respect to actions brought *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2). In this case, because Martin is a prisoner suing a governmental employee and brings his suit *in forma pauperis*, both provisions apply. In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell*, 696 F. Supp. 2d at 471; *Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 588 (W.D. Pa. 2008).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need the court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a well-pleaded

4

complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. There is no requirement that the pleading be specific or probable. *Schuchardt*, 839 F.3d at 347 (citing *Phillips v. County of Allegheny*, 515 F.3d at 224, 233-234 (3d Cir. 2008). Rule 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips*, 515 F.3d at 233 (citing *Iqbal*, 550 U.S. at 545).

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

B. SCI-S<small>OMERSET</small>

Marin attempts to bring Eighth Amendment claims against SCI-Sommerset for the alleged assault by a prisoner at SCI-Camp Hill. (Doc. 1). The Court will dismiss claims against SCI-Sommerset because it is not a proper defendant under 42 U.S.C. § 1983.

To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements.  He must allege: 1) that the alleged misconduct was committed by a person

acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988).  It is also well established that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *See Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007).

It is well-settled that neither a state nor its agencies, are considered a "person" as that term is defined under § 1983 and, therefore, are not subject to a § 1983 suit. *Hafer v. Melo*, 502 U.S. 21, 25–27 (1997).  Similarly, neither a prison nor a department within a prison is a "person" subject to suit under § 1983. *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973). Therefore, SCI-Somerset is not a "person" within the meaning of 42 U.S.C. § 1983. Furthermore, it is unclear how SCI-Somerset can be liable for an attack that allegedly took place at SCI-Camp Hill.[1] Thus, all claims raised against SCI-Somerset will be dismissed with prejudice. The complaint will be served on the remaining Defendants.

### III.    CONCLUSION

For the reasons stated above, the Court will grant Martin's motions to proceed *in forma pauperis*, dismiss all claims against SCI-Somerset with prejudice, and order the complaint be served on the remaining defendants. An appropriate order follows.

Dated: October 31, 2025

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**

---

[1] In the event that SCI-Camp Hill was cited as the location of the assault in error, Martin will need to file an amended complaint pursuant to Fed. R. Civ. P. 15 and Local Rule 15.1.